IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LLOYD EMERSON EARL PALMER II**                                                                 **PLAINTIFF**

v.                                    No: 4:18-cv-00227 SWW-PSH

**REIDMUELLER,** *et al.*                                                                              **DEFENDANTS**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Lloyd Emerson Earl Palmer II, an inmate then-confined at the Faulkner County Detention Center,[1] filed this *pro se* 42 U.S.C. § 1983 action complaining about various conditions in the detention center (Doc. No. 2). Palmer was granted leave to proceed *in forma pauperis* and ordered to file an amended complaint identifying claims relating to only one issue, containing a short statement of the specific role each defendant had in the alleged constitutional violations, and describing the injuries he sustained (Doc. No. 3). Palmer was cautioned that an amended complaint

---

[1] Palmer was later transferred to the Southwest Arkansas Community Correction Center, 506 Walnut Street, Texarkana, Arkansas. See Doc. No. 10, notice of change of address, filed May 1, 2018.


would render his original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed. Palmer filed two amended complaints on April 10, 2018 (Doc. Nos. 6 & 7). Palmer initially indicated he was suing defendants in both their official and individual capacities. *See* Doc. No. 2 at 2. For the reasons described below, Palmer's complaint should be dismissed.

## **Local Rule 5.5**

Mail sent to Palmer May 14, 2018 was returned as undeliverable, and the envelope was entered on the docket. *See* Doc. No. 19. On May 22, 2018, the Court entered a text order notifying Palmer that the mail could not be delivered to him because he was no longer at the address he provided. *See* Doc. No. 24. Palmer was directed to provide notice of his current mailing address by no later than thirty days from the entry of the May 22, 2018 text order. He was warned that his failure to provide a current mailing address would cause his complaint to be dismissed. Mail subsequently sent to Palmer at the same address was not returned as undeliverable. However, an inmate locator search on the ADC website found no match, indicating Palmer is no longer in the ADC system.

More than 30 days have passed, and Palmer has not complied or otherwise responded to the May 22 order. Accordingly, the Court finds that this action may be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

**Screening**

Alternatively, Palmer's case should be dismissed for failure to state a claim. Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

In his first amended complaint (Doc. No. 6), Palmer lists a number of defendants but only makes allegations against Captain Reidmueller, Corporal L. Phillips, Judge Claussen, the Faulkner County Fire Department, Chief David Gagner, and Dr. Gary Stewart. All other defendants should be dismissed from this action because there are no allegations against them. Further, Judge Claussen should be dismissed because he is protected from suit by judicial immunity. A judge is absolutely immune from liability for both monetary and injunctive claims relating to his actions

conducted in his judicial capacity.[2] *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). Finally, the Faulkner County Fire Department should be dismissed because it is not an entity subject to suit in a § 1983 action. *See Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that "[t]he West Memphis Police Department and West Memphis Paramedics Services are not juridical entities" because "[t]hey are simply departments or subdivisions of the City government."). Palmer's complaint against the remaining defendants is based on an allegation that he fell on a wet floor and did not receive adequate medical treatment for his resulting injuries. Doc. No. 6 at 2-3. Because this claim is currently pending in another case, *Palmer v. Stewart,* 4:18-cv-00171 BRW-JTR, it should be dismissed from this action.

Finally, Palmer's second amended complaint (Doc. No. 7) includes a list of complaints about conditions in the Faulkner County Detention Center. Palmer complains about the temperature, sleeping arrangements, female officers viewing undressed inmates, the lack of tuberculosis lights, roof leaks, black mold, and the behavior of officers. The Court recommends dismissal of all these claims because Palmer does not provide specific facts to support his allegations, name defendants in connection with any of these claims, or describe injuries he has sustained as a result of the alleged conditions. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)).

---

[2] Palmer's allegation against Judge Claussen is that he knows the Faulkner County Detention Center is "falling apart and continues to set off court dates so far off that the jail is overcrowded and has fell below enforcement standards and not enough staff to handle work load." Doc. No. 6 at 3.

For the reasons stated herein, it is recommended that:

1. Palmer's claims be dismissed without prejudice for failure to comply with Local Rule 5.5 and for failure to state a claim upon which relief may be granted.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

DATED this 26th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE